NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-2242 (GEB)<br>)<br>) **MEMORANDUM OPINION** |
| ALLEN WEISS, | ) |
| Defendant. | ) |

**BROWN, Chief Judge**

This matter comes before the Court upon Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partners, L.P.'s ("Plaintiff" or "SBA") Motion for Default Judgment. (Docket Entry No. 7.)  The Court has reviewed the submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will grant Plaintiff's Motion for Default Judgment.

**I.    BACKGROUND**

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolve of the matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894.  The SBA filed the instant complaint on May 9, 2008, "as receiver for Penny Lane Partners, L.P." ( "Penny Lane") against Defendant Allen Weiss ("Defendant").  (Docket Entry No. 1.)  An Affidavit of Service for Summons and Complaint served on Defendant was filed on June 12, 2008.  (Docket Entry No. 4.)

According to the document, Plaintiff asserts that it served Defendant by personal service. Id.) Thereafter, on June 26, 2008, the SBA filed its request for default. (Docket Entry No. 6.) According to the docket on the Case Management/Electronic Filing System ("CM/ECF"), the Clerk's Office granted Plaintiff's request for Entry of Default "for failure to appear" on July 7, 2008. Plaintiff filed this motion for default judgment on October 31, 2008. (Docket Entry No. 7.) The Court's consideration of this motion follows.

**II.   DISCUSSION**

Plaintiff argues that the Court should grant default judgment against Defendant because he was properly served and because he failed to respond. (Docket Entry No. 7-2 at 8.) Plaintiff also argues that Entry of Default was properly entered against Defendant on July 7, 2008. (Id. at 9.) In support of its motion, Plaintiff argues that it will be prejudiced if default judgment is not granted because Defendant "has failed to appear, and thus the Receiver is unable to proceed in prosecuting this suit to recover the balance of the unfunded capital commitment owed to Penny Lane by the Defendant." (Id. at 10.) Plaintiff also argues that "Defendant has not presented any evidence or claim of a meritorious defense," and "Defendant's failure to respond to the Complaint is not excusable neglect but rather culpable conduct which warrants the entry of default judgment." (Id. at 15.) Finally, Plaintiff argues that the Court should enter judgment for the amount demanded in the Complaint, which is supported by William Van Der Weele's affidavit, for the amount of $207,000.00 plus ten percent interest from the date the capital call was made, October 31, 2006. (Id. at 16 to 17.)

1.      **Standard of Review**

Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 2008 WL 940782 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 at *3 (D.N.J. April 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 2008 WL 940782 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing Comdyne I, Inc. v.

Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Signs, 2006 U.S. Dist. LEXIS 56456, at * 6 (quoting Directv, Inc., 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)).

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12.

### 2. Analysis

On July 7, 2008, the Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a). See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").

Plaintiff alleges in its Complaint a cause of action for breach of contract. Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the unfunded capital

commitment in the amount of $207,000.00"; that Defendant was "issued an unfunded capital commitment demand letter dated October 31, 2006 demanding payment of the amount of $207,000.00"; that "no payment has been made by the defendant"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital commitment was due"; and that for these reasons, the Court should grant default judgment in favor of Plaintiff. (Docket Entry No. 1 at ¶¶ 7, 10, 15 to 17.)

The Court concludes that Default Judgment is appropriate here.  First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6.  In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense.  Moreover, the facts as alleged in the Complaint and addressed in Plaintiff's motion papers provide no indication of a meritorious defense. Plaintiff has been prejudiced in that this action was filed on May 9, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to respond to the allegations.  Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment.  The Court concludes that Defendant is culpable in respect to her failure to meet her obligations under the LPA.

However, Plaintiff has failed to provide the Court with a copy of the LPA that has been signed by Defendant.  Therefore, the Court will grant default judgment in favor of Plaintiff, but the Court will reserve on its judgment in respect to the amount of damages, and will direct the Plaintiff to provide the Court with the LPA signed by the Defendant and any other relevant material to assist the Court in its determination regarding Defendant's failure to satisfy the contract amount. As the

Court is not required to take Plaintiff's allegations regarding the amount of damages as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine the damages in a sum certain. See Signs, 2006 U.S. Dist. LEXIS 56456, at *5-6 (citation omitted); Directv, Inc., No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)). If Plaintiff fails to submit such evidence, the Court will hold a hearing to determine the damages issue.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment. An appropriate form of Order accompanies this Opinion.

Dated: March 23, 2009

                                                s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.